UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UPS CAPITAL BUSINESS CREDIT,

    Plaintiff,

v.

    Case No. 11-15467

    HONORABLE DENISE PAGE HOOD

ADAMS/PARK INVESTMENTS, LLC,
KENNETH LEONARD, ANTHONY A.
DIGIROLAMO, and FRANK J. WOLICKI,

    Defendants.
_____/

## ORDER DENYING MOTION TO AMEND COMPLAINT AND EXTEND DATES

### I.  BACKGROUND

On December 14, 2011, Plaintiff UPS Capital Business Credit filed the instant action against Defendants Adams/Park Investments, LLC, Kenneth M. Leonard, Anthony A. DiGirolamo, Frank J. Wolicki and Kales Building II, LLC alleging:  Breach of Note (Count I); Breach of Guaranty (Count II); and, Claim and Delivery (Count III).  On August 10, 2012, the parties entered into a Stipulated Order dismissing Defendant Kales Building.  (Doc. No. 12)  A Scheduling Conference was held on November 27, 2012, with a discovery deadline of March 27, 2013 and a dispositive motion deadline of April 29, 2013.

### II.  ANALYSIS

Plaintiff filed the instant Motion for Leave to Amend the Complaint and Extend the Dates on March 13, 2013 to dismiss Defendant Kales Building and to add new Defendants and claims. Plaintiff seeks an additional 60 days for discovery.

Defendants filed a response on April 22, 2013, along with a Motion for Extension to File late

response. Defendants argue that they would be substantially prejudiced because time has elapsed since the filing of the Complaint, more than 15 months ago. Defendants further argue that witnesses memories fade and witnesses are not reliable since significant time has elapsed since the execution of the note at issue on April 30, 2008. Defendants also argue that the proposed added Defendants are not related to the instant note since the land contract pertaining to the added foreclosure claims was entered into on May 27, 2003, well before the note at issue entered on April 30, 2008. Defendants assert that the parties to the earlier note and the proposed Defendants are bona fide purchasers and they would be prejudiced.

Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) further provides that a party may amend its pleading on leave of court. Leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). A district court may deny leave to amend in cases of undue delay, undue prejudice to the opposing party, repeated failure to cure deficiencies by amendment previously allowed or futility. *Foman v. Davis,* 371 U.S. 178, 184 (1962). Delay alone, regardless of its length is not enough to bar amendment if the other party is not prejudiced. *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999). Allowing an amendment after the close of discovery and dispositive motion deadline has passed creates significant prejudice because discovery would have to be reopened and the defendant must now prepare a defense for a claim quite different than the claim that was before the court. *Id.* When an amendment is sought at a late state of litigation, there is an increased burden on the moving party to show justification for failing to move earlier. *Bridgeport Music, Inc. v. Dimension Films,* 401 F.3d 647, 662 (6th Cir. 2004). If a complaint cannot withstand a motion to dismiss under Rule 12(b)(6), the motion to amend should

2

be denied as futile. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

Although there has only been one scheduling order entered in this case, it has been more than 15 months since the Complaint was filed in December 2011. None of the added Defendants are related to the promissory note at issue. Plaintiff seeks to add a claim to foreclose on certain property held by Defendant Leonard in Mio, Michigan, although it appears that this property is subject to a land contract involving the proposed added Defendants. Plaintiff asserts that the Mio property is collateral under the April 30, 2008 note at issue in this lawsuit. However, the original Complaint or the exhibits attached thereto does not so show. It may be that under the proposed Complaint, an exhibit will show such, but it was not included in the motion. The proposed Amended Complaint indicates in paragraph 39 and 40 that Exhibit N, not attached to the instant motion, shows a mortgage.

If the proposed added Defendants related to the Mio property are not related to the April 30, 2008 note at issue in this lawsuit, then it appears that Plaintiff is merely attempting to fulfill the damages sought in the current Complaint. Adding the Defendants and foreclosure claims on the property in Mio would take longer than 60 days as requested by Plaintiff. The new Defendants would have to be served, an Answer would have to be filed and foreclosure proceedings instituted, in addition to any redemption period. The newly-added Defendants may want to engage in discovery and dispositive motion practice. Usually, a summons issued is good for 120 days, a defendant has 21 days to answer once served. The foreclosure proceedings would take months to complete, in addition to the redemption period after a Sheriff's sale. This delay would appear to substantially prejudice the current Defendants. The claim before the Court is a breach of the note and guarantees. The amendment is denied because further delay would prejudice the current

3

Defendants.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Leave to Amend the Complaint and Extend Dates for additional discovery on any amended complaint **(No. 17)** is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 18, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 18, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

4