UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UPS CAPITAL BUSINESS CREDIT,

        Plaintiff,                             Case No. 11-CV-15467
                                                    HONORABLE DENISE PAGE HOOD
v.

ADAMS/PARK INVESTMENTS, LLC,
KENNETH LEONARD, ANTHONY A.
DIGIROLAMO, and FRANK J. WOLICKI,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

**I.    BACKGROUND**

On December 14, 2011, Plaintiff UPS Capital Business Credit ("UPS Capital") filed the instant action against Defendants Adams/Park Investments, LLC ("Adams/Park"), Kenneth M. Leonard, Anthony A. Digirolamo, Frank J. Wolicki and Kales Building II, LLC ("Kales") alleging: Breach of Note (Count I); Breach of Guaranty (Count II); and, Claim and Delivery (Count III).  On August 10, 2012, the parties entered into a Stipulated Order dismissing Defendant Kales Building.  (Doc. No. 12) On July 15, 2013, an order granting defense counsel's motion to withdraw was entered.  (Doc. No. 27) The order noted that corporate entities cannot proceed

without counsel pursuant to 28 U.S.C. § 1654. (Doc. No. 27, n. 1) To date, no appearance has been filed on behalf of any Defendant. On September 18, 2013, an Order denying UPS Capital's Motion to Amend the Complaint was entered. (Doc. No. 30) Status conferences have been held by the Court with the parties, but the matter has not been resolved.

UPS Capital loaned Adams/Park $819,000.00. A Note for the benefit of UPS Capital was executed by Adams/Park on April 30, 2008. (Pl. Ex. A) Under the Note, Adams/Park promised to pay UPS Capital the principal amount, plus interest on any unpaid balance at an adjustable rate of 2.75% above the prime rate, with the initial rate at 8.00% and a late charge of up to 5% of the unpaid portion of the regular scheduled monthly payment if the payment on the Note was late. (Pl. Ex. A, p. 2.6) UPS Capital was entitled to immediate payment of all amounts owing under the Note in the event of a default. (Pl. Ex. A, p. 3.6) UPS was also entitled to all expenses incurred, including attorney's fees and costs under the Note. (Pl. Ex. A, p. 3.6) The individual Defendants Leonard, DiGirolamo and Wolicki (collectively, Guarantors) each executed an Unconditional Guarantee guaranteeing repayment under the Note. (Pl. Exs. C, D and E)

Adams/Park defaulted under the Note in 2011. UPS Capital accelerated all sums owing, making a demand for payment to Adams/Park and the Guarantors on

November 15, 2011.  (Pl. Ex. B) Adams/Park and the Guarantors failed to pay the amounts due under the Note.  (Pl. Ex. F, ¶ 6)  As of April 25, 2013, at the time of the filing of this motion, UPS Capital claims it has been damaged in the amount of $928,237.51, which includes interest, late fees, and expenses as of January 22, 2014.

This matter is now before the Court on UPS Capital's Motion for Summary Judgment.  To date, no response has been filed by any Defendant.

## II.  ANALYSIS

### A.  Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.  Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

    **B.**     **Breach of Contract**

        **1.**     **Note executed by Adams/Park**

UPS Capital asserts that Adams/Park breached the Note by failing to pay all of the amounts due under the Note. The Note provided a monthly payment of $10,103.52 beginning eight months from the month the Note was dated and due on the first calendar day of the month. (Pl. Ex. A, p. 2) As of November 15, 2011, Adams/Park failed to make the payments under the Note. UPS declared a default which meant that all repayment obligations under the Note were accelerated and deemed due and owing. (Pl. Ex. B) UPS Capital submitted the affidavit of Ms. Joanna Aversa, a Special Assets Officer, which was supplemented on January 28, 2014 . (Pl.

Ex. F; Doc. No. 33) Ms. Aversa indicated that as of January 22, 2014, the total due under the Note was $928,237.51, which includes $732,603.81 in principal, $129,253.94 in interest, $22,250.36 in late fees, and $44,129.40 in expenses to enforce the Note. (Doc. No. 33)

To state a claim for breach of contract, a plaintiff must first establish the elements of a valid contract: 1) parties competent to contract; 2) proper subject matter; 3) legal consideration; 4) mutuality of agreement; and 5) mutuality of obligation. *Thomas v. Leja,* 187 Mich. App. 418, 422 (1990). Once a valid contract is established, a plaintiff seeking to recover on a breach of contract theory must allege: 1) the terms of the contract; 2) that the defendant breached the terms of the contract; and, 3) that the breach caused plaintiff's injury. *See, Platsis v. E.F. Hutton & Co., Inc.,* 642 F.Supp. 1277, 1309 (W.D. Mich. 1986). A promissory note is a contract. *See Federal Deposit Ins. Corp. v. Garbut,* 142 Mich. App. 462 (1985). The Michigan Uniform Commercial Code provides that a holder of a note has the right to enforce the note. MCL 440.3301.

UPS Capital has properly supported its Motion for Summary Judgment by submitting a copy of the Note executed by Adams/Park which sets forth the terms of the contract. Ms. Aversa's affidavits establish that Adams/Park defaulted on the Note and sets forth the amount owed by Adams/Park. No response to the instant Motion

for Summary Judgment was filed by any counsel on behalf of Adams/Park. UPS Capital has carried its burden under Rule 56(a) and is entitled to summary judgment against Adams/Park.

### 2. Guarantees by Individual Defendants

A guaranty is a special kind of contract and general rules of contract construction apply in interpreting guaranty contracts. *Bandit Industries, Inc. v. Hobbs Int'l, Inc. (After Remand),* 463 Mich. 504, 511 (2001); *First Nat'l Bank of Ypsilanti v. Redford Chevrolet Co.,* 270 Mich. 116, 121 (1935).

UPS Capital submitted each of the Guaranty documents signed by the individual Defendants Leonard, DiGirolamo and Wolicki. (Pl. Exs. C, D, E) Each Guaranty, dated April 30, 2008, expressly states that "Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor." (¶ 1 of Pl. Exs C, D, E) The Guarantees are unambiguous as to each Guarantor's obligation under each Guaranty. The individual Defendants Leonard, DiGirolamo and Wolicki did not file a response to the Motion for Summary Judgment opposing the facts set forth in the Motion and the documents submitted by UPS Capital in support of its Motion. UPS Capital has properly submitted documents and an affidavit to support its claim

that the individual Defendants Leonard, DiGirolamo and Wolicki and liable under each of the Guaranty each individual signed. UPS Capital is entitled to summary judgment against Defendants Leonard, DiGirolamo and Wolicki.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that UPS Capital's Motion for Summary Judgment (Doc. No. 22) is **GRANTED.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager